1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
8                      AT SEATTLE

9    LIAOSHENG ZHANG,

10                Plaintiff,                          CASE NO.  C07-964RSM

11           v.

12   CHINA GATE, INC., HONEYWELL                      ORDER GRANTING HONEYWELL
     INTERNATIONAL, INC., AMAZON                      INTERNATIONAL, INC.'S MOTION TO
13   GLOBAL RESOURCES, INC., MICROSOFT                DISMISS
     CORPORATION, HEWLETT-PACKARD
14   COMPANY,

15                Defendants.

16

17                            **I.  INTRODUCTION**

18          This matter comes before the Court on defendant Honeywell International Inc.'s

19   ("Honeywell") Motion to Dismiss (Dkt. #3).  Defendant argues that plaintiff's claims are barred

20   by the first-to-file rule due to a similar action involving the same parties in United States District

21   Court in the District of Arizona.  Defendant also argues that plaintiff's second claim[1] for relief

22   against defendant is based upon a statute that provides no private right of action.  Lastly,

23

24   _____

25          [1] Plaintiff's second claim against the defendant Honeywell appears as plaintiff's fifth claim
     for relief in her complaint.  Plaintiff's first claim against defendant Honeywell alleges breach of
26   contract and appears as plaintiff's fourth claim for relief in her complaint.

27   ORDER
28   PAGE - 1

1  defendant argues that plaintiff's third claim[2] for relief is based upon proposed federal legislation

2  that has not been passed into law.

3      Plaintiff responds that the federal lawsuit in Arizona is based under Title VII and the Age

4  Discrimination in Employment Act ("ADEA"), and therefore argues that she is entitled to proceed

5  in this Court.  With respect to her claims under 8 U.S.C. § 1182, plaintiff responds that she has

6  made attempts to solve this problem administratively.  As to plaintiff's claim regarding the

7  proposed federal legislation, plaintiff did not address defendant's argument.

8      For the reasons set forth below, the Court GRANTS defendant's motion and DISMISSES

9  plaintiff's case against defendant Honeywell.

10                    **II.  DISCUSSION**

11      **A.  Background**

12      Plaintiff, appearing pro se, is a foreign national who gained employment with Honeywell,

13  Inc. ("Honeywell") on June 30, 1998.  *See* Plaintiff's Compl., ¶ 4.2.1**.**  On April 1, 1999,

14  Honeywell sponsored plaintiff on an H1B visa, which was valid for a maximum period of six

15  years.  On April 1, 2005, plaintiff's visa expired and her employment with Honeywell ended.

16  Plaintiff alleges that after the termination of her employment, she was not paid a severance

17  package that was promised to her by defendant Honeywell as an employment benefit.  *See id.* at ¶

18  4.2.7; 8.1.[3]  Soon thereafter, plaintiff attempted to reapply at Honeywell on over 200 different

19  occasions to no avail.  Plaintiff alleges that although she was qualified, she was never hired or

20  interviewed by defendant.  She also states that during this period, defendant hired a substantial

21  amount of foreign workers from 2005 through 2007.  As a result, plaintiff brought the instant

22

23  _____

24      [2] Plaintiff's third claim against defendant Honeywell appears as plaintiff's sixth claim for
   relief in her complaint.

25
26      [3]Plaintiff also indicates in her complaint that she was involved in a car accident on October
   25th, 2005.  The Court finds this fact irrelevant as plaintiff's employment with defendant
   terminated on April 2, 2005.  *See* Plaintiff's Compl. ¶ 4.2.4 - 4.2.7.

27  ORDER
28  PAGE - 2

1    action against defendant, alleging (1) breach of contract, (2) violation of 8 U.S.C. §

2    1182(n)(2)(G)(ii) due to their alleged discriminatory hiring practices, and (3) violation of the H1B

3    and L1 Visa Fraud and Abuse Prevention Act of 2007.

4    **B.  Standard of Review**

5         Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must dismiss a

6    complaint if a plaintiff can prove no set of facts in support of her claim which would entitle her to

7    relief. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Sprewell v.*

8    *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Love v. United States*, 915 F.2d

9    1242,1245 (9th Cir. 1989).  In deciding a motion to dismiss, the Court accepts as true all material

10   allegations in the complaint and construes them in the light most favorable to the plaintiff. *See*

11   *Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002); *Associated Gen. Contractors*

12   *v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998).  However, conclusory allegations of

13   law and unwarranted inferences are insufficient to defeat a motion to dismiss.  *Associated Gen.*

14   *Contractors*, 159 F.3d at 1181.

15        Furthermore, when a Complaint is dismissed for failure to state a claim, "leave to amend

16   should be granted unless the court determines that the allegation of other facts consistent with the

17   challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well*

18   *Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

19   **C.  First-to-File Rule**

20        Under the first-to-file rule, "when two identical actions are filed in courts of concurrent

21   jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose

22   would be served by proceeding with a second action."  *Pacesetter Systems, Inc. v. Medtronic,*

23   *Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).  The rule is not a rigid or inflexible rule to be mechanically

24   applied, but should be applied in a manner serving sound judicial administration.  *Id.*

25   Furthermore, to ascertain whether successive causes of action are the same, federal courts

26   examine four criteria: (1) whether the rights or interests established in the prior judgment would

27
     ORDER
28   PAGE - 3

1   be destroyed or impaired by prosecution of the second action; (2) whether substantially the same

2   evidence is presented in the two actions; (3) whether the two suits involve infringement of the

3   same right; and (4) whether the two suits arise out of the same nucleus of facts.  *See Constantini

4   v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982); *see also Adams v. California

5   Dep't. of Health Servs.*, 487 F.3d 684 (9th Cir. 2007).

6          In the instant case, there is no dispute that the federal lawsuit in Arizona commenced on

7   April 27th, 2006, well before plaintiff commenced her action in this Court on June 21st, 2007.  *See

8   Zhang v. Honeywell International, Inc.*, CV06-1181-PHX-MHM.  In addition, the two actions

9   share a common transactional nucleus of facts, and the same evidence would clearly be presented

10  in the two actions.  Although plaintiff alleges that she is asserting claims based on Title VII and

11  the ADEA in the federal lawsuit in Arizona, plaintiff cannot hide under 8 U.S.C. § 1182 to

12  disguise the true nature of her claim in this Court which involves similar facts and circumstances.

13  Both federal lawsuits involve claims made against defendant Honeywell arising out of the alleged

14  lack of benefits provided to plaintiff after her employment with defendant Honeywell terminated.

15  It would be a complete waste of judicial resources for plaintiff's claim to proceed in this Court

16  while the federal lawsuit in Arizona is pending.  As a result, the Court shall dismiss with prejudice

17  plaintiff's fourth claim for relief against defendant Honeywell.

18  **D.  Plaintiff's 8 U.S.C. § 1182 Claim**

19          8 U.S.C. § 1182 essentially controls the admission qualifications for aliens in this country.

20  Further, § 1182(n) specifically governs the requirements employers must follow to provide an

21  alien with an H1B visa.  *See* 8 U.S.C. § 1182(n)(1).  In addition, § 1182(n) contains a

22  comprehensive regulatory enforcement scheme that entrusts the investigation of complaints that

23  aliens may have to the Secretary of Labor and the Attorney General.  *See* 8 U.S.C. §

24  1182(n)(2)(A)-(n)(5)(A).  Under this specific section of the statute, an aggrieved party must first

25  file a complaint with the Wage and Hour Division of the U.S. Department of Labor, which then

26  makes a determination of the validity of the complaint.  *Id.*  If the party is dissatisfied with this

27

28  ORDER
    PAGE - 4

1   decision, it can then make an appeal to an administrative law judge.  20 C.F.R. §§ 655.815,

2   655.820, 655.840.  If this decision is also unsatisfactory to the aggrieved party, it can then

3   petition for review to the Secretary of Labor.  20 C.F.R. §§ 655.840, 655.845.  Only until these

4   steps have been followed, may an aggrieved party pursue remedies at the appropriate United

5   States District Court.  20 C.F.R. § 655.850.

6       Furthermore, federal courts have recognized that Congress did not intend to provide a

7   private right of action for individuals to enforce violations of § 1182(n) unless the aggrieved party

8   exhausts her remedies as outlined in the statute.  *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418

9   (4th Cir. 2005); *see also Shah v. Wilci Systems, Inc.*, 126 F.Supp.2d 641 (S.D.N.Y. 2000).

10       In the instant case, plaintiff has not followed these steps, and therefore no private right of

11   action exists.  Plaintiff has merely indicated in her response that she has sent complaints to the

12   Department of Labor and to the Department of Justice.  There has been no appeal made to an

13   administrative law judge, nor has there been a petition for review to the Secretary of Labor.

14   Although plaintiff has begun pursuing her administrative remedies, she has not come remotely

15   close to exhausting them, thereby precluding the Court from entertaining her arguments.

16   Consequently, plaintiff does not state a claim for which relief can be granted under Federal Rules

17   of Civil Procedure 12(b)(6).  Moreover, while the Court recognizes that leave to amend should

18   generally be granted, no such leave is necessary where the deficiencies cannot be cured.  *See*

19   *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578 (9th Cir. 1983).  Here, no

20   circumstances presently exist that could possibly allow plaintiff to have a cognizable claim against

21   the defendants with regard to § 1182.  As a result, the Court shall dismiss with prejudice

22   plaintiff's fifth claim of relief in her complaint as to defendant Honeywell.

23      **E.  Plaintiff's H1B and L1 Visa Fraud and Abuse Prevention Act Claim**

24       Plaintiff's last claim of relief against defendant is based on the H1B and L1 Visa Fraud and

25   Abuse Prevention Act of 2007.  While the Act was introduced as a proposed bill on March 29th,

26   2007, it has merely been referred to the Senate Committee.  S. 1035, 110th Cong. (2007).  The

27

28   ORDER
    PAGE - 5

1  Act is merely a bill at this stage and not governing law which the Court may follow, and therefore

2  the plaintiff has no colorable federal claim with respect to this Act.  As a result, the Court shall

3  dismiss with prejudice plaintiff's sixth claim of relief in her complaint as to defendant Honeywell.

### III.  CONCLUSION

5          The Court GRANTS defendant Honeywell International Inc.'s Motion to Dismiss (Dkt.

6  #3), and this case with respect to this defendant is DISMISSED with prejudice.

7          The Clerk is directed to send a copy of this Order to all counsel of record.

8          DATED this 7th  day of September, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 6