1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LIAOSHENG ZHANG,

               Plaintiff,

       v.

CHINA GATE, INC., HONEYWELL
INTERNATIONAL, INC., AMAZON
GLOBAL RESOURCES, INC., MICROSOFT
CORPORATION, HEWLETT-PACKARD
COMPANY,

               Defendants.

CASE NO.  C07-964RSM

ORDER GRANTING AMAZON GLOBAL
RESOURCES INC.'S, MICROSOFT
CORPORATION'S, AND HEWLETT-
PACKARD COMPANY'S MOTIONS TO
DISMISS

## I.  INTRODUCTION

      This matter comes before the Court on defendant Amazon Global Resources Inc.'s

("Amazon") Motion to Dismiss (Dkt. #4), defendant Microsoft Corporation's ("Microsoft")

Motion to Dismiss (Dkt. # 6), and defendant Hewlett-Packard Company's ("HP") Motion to

Dismiss (Dkt. #10).   Defendants each argue that plaintiff's first claim[1] for relief based on 8

---

[1] Plaintiff's first claim against defendants Amazon, Microsoft, and HP appears as plaintiff's
fifth claim for relief in her complaint.

ORDER
PAGE - 1

U.S.C. § 1182 against the defendants is based upon a statute that provides no private right of action.  Furthermore, defendants claim that plaintiff has not exhausted her administrative remedies which may potentially give rise to a private right of action.  In addition, defendants argue that plaintiff's second claim[2] for relief against defendants is based upon proposed federal legislation that has not been passed into law.

Plaintiff, in regards to her first claim against the defendants, responds that she has made attempts to solve this problem administratively.  As to the second claim for relief, plaintiff did not address defendants' argument.

For the reasons set forth below, the Court GRANTS defendants' motion and DISMISSES plaintiff's case against defendants Amazon, Microsoft, and HP.

## II.  DISCUSSION

### A.  Background

Plaintiff, appearing pro se, is a foreign national who gained employment with Honeywell, Inc. ("Honeywell") on June 30, 1998.  *See* Plaintiff's Compl., ¶ 4.2.1.  On April 1, 1999, Honeywell sponsored plaintiff on an H1B visa, which was valid for a maximum period of six years.  On April 1, 2005, plaintiff's visa expired and her employment with Honeywell ended. Soon thereafter, plaintiff attempted to reapply at Honeywell on over 200 different occasions to no avail.  In addition, plaintiff also attempted to apply at several other companies, including defendants Amazon, Microsoft, and HP.  In her complaint, plaintiff alleges that although she was qualified, she was never hired or interviewed by any of the defendants, despite the fact she applied

---

[2] Plaintiff's second claim against the three defendants mentioned in this order appears as plaintiff's sixth claim for relief in her complaint.

ORDER
PAGE - 2

for 386 jobs with defendant Amazon, over 100 with defendant Microsoft, and over 100 with HP. She also states that during this period, defendants hired a substantial amount of foreign workers from 2005 through 2007.  As a result, plaintiff brought the instant action against the defendants, alleging that they specifically violated 8 U.S.C. § 1182(n)(2)(G)(ii) due to their alleged discriminatory hiring practices, and also alleging that defendants violated the H1B and L1 Visa Fraud and Abuse Prevention Act of 2007.

**B.  Standard of Review**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must dismiss a complaint if a plaintiff can prove no set of facts in support of her claim which would entitle her to relief.  *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Love v. United States*, 915 F.2d 1242,1245 (9th Cir. 1989).  In deciding a motion to dismiss, the Court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff. *See Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002); *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998).  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  *Associated Gen. Contractors*, 159 F.3d at 1181.

Furthermore, when a Complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

ORDER
PAGE - 3

**C.  Plaintiff's 8 U.S.C. § 1182 Claim**

8 U.S.C. § 1182 essentially controls the admission qualifications for aliens in this country. Further, § 1182(n) specifically governs the requirements employers must follow to provide an alien with an H1B visa.  *See* 8 U.S.C. § 1182(n)(1).  In addition, § 1182(n) contains a comprehensive regulatory enforcement scheme that entrusts the investigation of complaints that aliens may have to the Secretary of Labor and the Attorney General.  *See* 8 U.S.C. § 1182(n)(2)(A)-(n)(5)(A).  Under this specific section of the statute, an aggrieved party must first file a complaint with the Wage and Hour Division of the U.S. Department of Labor, which then makes a determination of the validity of the complaint.  *Id.*  If the party is dissatisfied with this decision, it can then make an appeal to an administrative law judge.  20 C.F.R. §§ 655.815, 655.820, 655.840.  If this decision is also unsatisfactory to the aggrieved party, it can then petition for review to the Secretary of Labor.  20 C.F.R. §§ 655.840, 655.845.  Only until these steps have been followed may an aggrieved party pursue remedies at the appropriate United States District Court.  20 C.F.R. § 655.850.

Furthermore, federal courts have recognized that Congress did not intend to provide a private right of action for individuals to enforce violations of § 1182(n) unless the aggrieved party exhausts her remedies as outlined in the statute.  *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418 (4th Cir. 2005); *see also Shah v. Wilci Systems, Inc.*, 126 F.Supp.2d 641 (S.D.N.Y. 2000).

In the instant case, plaintiff has not followed these steps, and therefore no private right of action exists.  Plaintiff has merely indicated in her response that she has sent complaints to the Department of Labor and to the Department of Justice.  There has been no appeal made to an administrative law judge, nor has there been a petition for review to the Secretary of Labor.

ORDER
PAGE - 4

Although plaintiff has begun pursuing her administrative remedies, she has not come remotely close to exhausting them, thereby precluding the Court from entertaining her arguments. Consequently, plaintiff does not state a claim for which relief can be granted under Federal Rules of Civil Procedure 12(b)(6).  Moreover, while the Court recognizes that leave to amend should generally be granted, no such leave is necessary where the deficiencies cannot be cured.  *See North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578 (9th Cir. 1983).  Here, no circumstances presently exist that could possibly allow plaintiff to have a cognizable claim against the defendants with regard to § 1182.  As a result, the Court shall dismiss with prejudice plaintiff's fifth claim of relief in her complaint as to defendants Amazon, Microsoft, and HP.

**D.  Plaintiff's H1B and L1 Visa Fraud and Abuse Prevention Act Claim**

Plaintiff's second claim of relief against defendants is based on the H1B and L1 Visa Fraud and Abuse Prevention Act of 2007.  While the Act was introduced as a proposed bill on March 29th, 2007, it has only been referred to the Senate Committee on the Judiciary.  *See* S. 1035, 110th Cong. (2007).  In fact, the last action taken on this bill was on May 15th, 2007, when Senator Richard Durbin of Illinois, the author of the bill, made introductory remarks on this measure.  *See* 2007 FD S.B. 1035 (NS).  Because the Act is merely a bill at this stage and not governing law which the Court may follow, plaintiff has no colorable federal claim.  As a result, the Court shall dismiss with prejudice plaintiff's sixth claim of relief in her complaint as to defendants Amazon, Microsoft, and HP.

### III.  CONCLUSION

The Court GRANTS defendant Amazon Global Resources Inc.'s Motion to Dismiss (Dkt. #4), defendant Microsoft Corporation's Motion to Dismiss (Dkt. # 6), and defendant Hewlett-

ORDER
PAGE - 5

1  Packard Company's Motion to Dismiss (Dkt. #10), and this case with respect to these defendants

2  is DISMISSED with prejudice.

3          The Clerk is directed to send a copy of this Order to all counsel of record.

4          DATED this 7th day of September, 2007.

5

6

7

8

9          RICARDO S. MARTINEZ
           UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  ORDER
28  PAGE - 6